UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDITH VAN ZANT GRONDIN, *as personal representative of the Estate of Ronald Van Zant,* and TERESA GAINES RAPP, *as personal representative of the Estate of Steven Gaines,*<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. ROSSINGTON, LEON R. WILKESON, WILLIAM N. POWELL, ARTIMUS PYLE, ED KING, RANDALL HALL, JOHNNY VAN ZANT, CHARLIE BRUSCO, LYNYRD SKYNYRD PRODUCTIONS, INC., THE TRIBUTE, INC., FREE BYRD PRODUCTIONS, INC., MCA RECORDS, INC.,<br><br>Defendants. | 88 Civ. 3192 (RA)<br><br>**COMPLAINT-IN-INTERVENTION OF PROPOSED INTERVENOR DEAN GOODMAN** |

Dean Goodman ("Proposed Intervenor"), *pro se*, respectfully submits this Complaint-in-Intervention pursuant to Federal Rule of Civil Procedure 24(c) in support of his Motion to Intervene and to Unseal the October 11, 1988 Consent Order, Judgment and Decree ("Consent Order") entered in this action.

## NATURE OF ACTION

1. This is a limited intervention by a journalist and author seeking to unseal a judicial record that has been sealed for nearly 38 years. Proposed Intervenor does not seek to relitigate the merits of the underlying action or to obtain any relief against any party. His sole claim is for public access to the Consent Order under the common-law right of access to judicial records.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this intervention because it entered and retains supervisory authority over the Consent Order. Venue is proper in this District, where the Consent Order was entered.

## PARTIES

3. Proposed Intervenor Dean Goodman is a journalist and author residing in Los Angeles, California. He has reported on the activities of the rock band Lynyrd Skynyrd since the 1990s and has co-authored a memoir with former drummer Artimus Pyle, a Defendant in the above-captioned action.

4. Plaintiffs are the personal representatives of the estates of Ronald Van Zant and Steven Gaines, deceased members of Lynyrd Skynyrd.

5. Defendants are surviving and deceased former members of Lynyrd Skynyrd, their manager, and affiliated corporate entities, as set forth in the caption of this action.

## FACTUAL BACKGROUND

6. On October 11, 1988, this Court entered the Consent Order resolving the above-captioned action. The Consent Order governs the activities of the rock band Lynyrd Skynyrd, including requirements relating to personnel, use of the band's name and likeness, life story rights, and financial arrangements.

7. The Consent Order has been sealed since its entry. It has remained inaccessible to the public for nearly 38 years.

8. The Consent Order binds not only the signatories but also non-parties acting "in concert" with signatories, and is enforceable through contempt of court. *See Ronnie Van Zant, Inc.*, 270 F. Supp. 3d at 673–74.

9. In 2013, Proposed Intervenor agreed to co-author a memoir with Defendant Artimus Pyle. In 2019, the Parties' counsel sent a cease-and-desist letter to Proposed Intervenor's publisher, asserting that the book likely violated the Consent Order without specifying which provisions were allegedly violated. The publisher terminated the publication contract.

10. From 2022 through 2024, Proposed Intervenor's counsel attempted without success to obtain clarification from the Parties' counsel as to which provisions of the Consent Order were allegedly violated.

11. On April 14, 2025, and August 26, 2025, Proposed Intervenor wrote to this Court seeking direction. (Dkts. 3–4).

12. On December 15, 2025, this Court directed Proposed Intervenor to file a motion to intervene and a formal motion to unseal. (Dkt. 5).

## CLAIM FOR RELIEF

### *Public Access to Judicial Records*

13. Proposed Intervenor repeats and realleges the allegations in paragraphs 1 through 12 as though fully set forth herein.

14. Judicial records carry a strong presumption of public access under the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

15. The Consent Order is a judicial document that resolved the Parties' rights through binding injunctive relief. It carries the strongest presumption of public access.

16. No countervailing interest justifies continued sealing. Five of the ten individual Parties are deceased. The financial terms are commercial arrangements whose sensitivity, if any, has been eliminated by the passage of nearly four decades. Key provisions have already been disclosed in the Court's published opinions. *See Ronnie Van Zant, Inc.*, 270 F. Supp. 3d at 661–63.

17. Continued sealing of the Consent Order is inconsistent with the presumption of public access and deprives the public of the ability to monitor this Court's exercise of supervisory authority over the activities of an iconic American rock band.

## PRAYER FOR RELIEF

WHEREFORE, Proposed Intervenor respectfully requests that this Court:

a. Grant intervention pursuant to Federal Rule of Civil Procedure 24(b) or, in the alternative, Rule 24(a)(2), for the limited purpose of seeking to unseal the Consent Order;

b. Unseal the October 11, 1988 Consent Order, Judgment and Decree in full;

c. In the alternative, direct the Parties to show cause why the Consent Order should not be unsealed, or direct briefing and a hearing on the merits of unsealing;

d. Review the docket for any documents relating to modifications or enforcement of the Consent Order, and unseal them to the extent consistent with the common law; and

e. Grant such other and further relief as the Court deems just and proper.

Dated: March 4, 2026

Respectfully submitted,

/s/ Dean Goodman
Dean Goodman, Proposed Intervenor, Pro Se
6952 Pacific View Dr.
Los Angeles, CA 90068
dean@deangoodman.com
(213) 458-7911