UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH VAN ZANT GRONDIN, *as personal representative of the Estate of Ronald Van Zant, deceased*,

Plaintiff,

v.

GARY R. ROSSINGTON, LEON R. WILKESON, WILLIAM N. POWELL, ARTIMUS PYLE, ED KING, RANDALL HALL, JOHNNY VAN ZANT, CHARLIE BRUSCO, MCA RECORDS, INC.,

Defendants.

88-CV-3192 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On March 4, 2026, Dean Goodman, proceeding *pro se*, moved to intervene and unseal the October 12, 1988 Consent Order, Judgment, and Decree (the "Consent Order") entered in this action. *See* Dkt. 6. Mr. Goodman represents that he is a journalist and author who has reported on the rock band Lynyrd Skynyrd since the 1990s and collaborated with Defendant Artimus Pyle on a memoir. *See* Dkt. 8 at 2. Mr. Goodman further represents that, if the Consent Order is unsealed, he intends to "report on [the] terms [of the Consent Order] where relevant to matters of historical and public interest." *Id.* The Court afforded the parties an opportunity to respond to Mr. Goodman's motion. *See* Dkt. 10. No party has filed a response. For the reasons that follow, Mr. Goodman's motion to intervene and unseal is granted—to the extent that the Consent Order even remains under seal.

Under Federal Rule of Civil Procedure 24(b), the Court may, on a timely motion, "permit

anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In considering a motion for permissive intervention under Rule 24(b), "the [C]ourt's primary consideration is whether intervention will unduly delay or prejudice the adjudication of the rights of the parties whose lawsuits are being invaded." *Calderon v. Clearview AI, Inc.*, No. 20-CV-1296 (CM), 2020 WL 2792979, at *7 (S.D.N.Y. May 29, 2020) (internal quotation marks omitted); *see* Fed. R. Civ. P. 24(b)(3). Here, there is no risk of undue delay or prejudice because the underlying case has been terminated for almost forty years.[1] And Mr. Goodman, who seeks access to the Consent Order to report on and clarify its terms in connection with his efforts to publish a memoir, *see* Dkt. 8 at 2, also has a sufficient interest to support intervention, *see Doe v. Columbia Univ.*, No. 23-CV-10393 (DEH), 2024 WL 4149252, at *7 (S.D.N.Y. Sept. 11, 2024); *United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 537 (S.D.N.Y. 1996) (noting that intervention "is the proper mechanism for a non-party . . . to gain access to information generated through judicial proceedings."). The Court therefore grants Mr. Goodman's motion to intervene in this case to seek the unsealing of the Consent Order.

As the Court investigated this matter, the Clerk's Office informed the Court that the Consent Order is not currently under seal. In fact, the docket sheet does not reflect that the Consent Order was filed under seal when it was originally entered. *See* Dkt. 1 (Docket Sheet Entries from 5/6/1988 Through 12/1/1988). In any event, even if the Consent Order was at one point under seal, a complete, unsealed copy of the Consent Order has been publicly available on the Second Circuit docket for several years. *See Ronnie Van Zant, Inc. v. Cleopatra Recs., Inc*, 906 F.3d 253

[1] "[I]ntervention to challenge confidentiality orders may take place long after a case has been terminated." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 154 n.4 (S.D.N.Y. 2003) (quoting *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998)).

(2d Cir. 2018), Dkt. 31 at 35–79. Accordingly, "[t]he genie is [now] out of the bottle" and "[w]e have not the means to put the genie back." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *see Metro. Transp. Auth. v. Duffy*, 782 F. Supp. 3d 193, 198 (S.D.N.Y. 2025) ("Any balancing of the interests here . . . would be academic as the information . . . has already been publicly revealed; the cat is out of the bag." (quotation marks omitted)).

For the reasons stated above, Mr. Goodman's motion to intervene is granted, as is his motion to unseal, to the extent that the Consent Order remains under seal. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 6 and close the case.

SO ORDERED.

Dated: October 9, 2026
New York, New York

Ronnie Abrams
United States District Judge